(Superior Court of Cincinnati, 1901.)

DREIDAME v. GERMANIA INVESTMENT COMPANY.

(1) A plaintiff may without or against the consent of his counsel voluntarily dismiss a suit brought in behalf of himself and all other persons similarly situated; without the others consent, before decree, and before the others come in and are made parties, and such dismissal will operate as to all parties.

(2) In such case plaintiff's counsel has no lien upon exhibits, the property of plaintiff attached to the petition and filed in court, which plaintiff has detached and carried away, and a motion will not lie by him to compel plaintiff to retain such exhibits.

(1.) Motion to set aside entry of dismissal.

(2.) Motion for leave to file cross-petitions.

(3.) Motion to compel return of exhibits.

DEMPSEY, J.

All denied. Plaintiff, who sued for himself and others who might wish to come in, ignoring his own counsel, and through counsel for the defense, filed a written application to dismiss this case, which was granted. No summons had been returned as yet, and no appearance of defendant effected in any way. After entry of dismissal, plaintiff, through defendant's counsel, and without leave of court, detached from the petition and carried away certain exhibits, the property of the plaintiff.

Whatever may be the opinion of the court as to the ethical propriety of the course of practice pursued in this case, the rule has been settled in this state from the earliest times that a plaintiff, individually, has control of his case, and may ignore his counsel, and against counsel's wishes, settle or dismiss his case. So held by the supreme court, in 1844, in Dodson v. Riddle, 1 W. L. J., 393, and in Weakly v. Hall, 13 O. R.,167; and in the case of dismissal of the attorney, although his fees be not paid, he has no lien upon the papers filed by him in court, and cannot withdraw them, (Same authorities). So, also, it is held, as a general rule of law that a plaintiff may voluntarily dismiss a proceeding brought in behalf of himself and all other persons similarly situated, and without their consent, before decree entered, until they actually come in and are made parties; after they do come in, a voluntary dismissal cannot be had without the consent of all, except that plaintiff may dismiss as to himself, 6 Ency. Pl & Pr., pp. 853-854, title, "Dismissal," and cases cited.

Under the facts at bar plaintiff's dismissal operated to get the case out of court not only as to himself, but also as to those whom he purported to represent. As original counsel for plaintiff, under the rules laid down above, would have no lien upon the exihibits detached, and as the plaintiff very likely could have obtained leave to substitute copies, it would serve no useful purpose to order them returned, and then grant leave to withdraw them. Nevertheless, the practice of detaching and removing exhibits from the files, without the leave of court first had, cannot be too strongly condemned.

There is no other course open to the court but to deny the motions of plaintiff's former counsel which is reluctantly done.

Col. Mc Clure, for motions.

G. F. Osler, contra.